UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ROBERT W. JOHNSON, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | )   No. 2:24-cv-00301-NT |
| | ) |
| JASON REID, | ) |
| | ) |
|     Defendant | ) |

**RECOMMENDED DECISION AFTER PRELIMINARY REVIEW**

Because I granted Robert W. Johnson's application to proceed *in forma pauperis*, *see* Order (ECF No. 4), his complaint (ECF No. 1) is now before me for preliminary review in accordance with 28 U.S.C. § 1915(e)(2)(B).

As far as can be discerned from Johnson's vague and disjointed complaint, Jason Reid, a New York corporation, unlawfully discriminated against him by failing to renovate his Syracuse, New York, apartment. Complaint at 2, 4. Johnson seeks several million dollars in compensatory and punitive damages. *Id.* at 5.

The obvious problem with Johnson's complaint is that he fails to allege any facts demonstrating that venue lies properly in the District of Maine. Indeed, by all appearances, both parties are residents of New York, and the actions giving rise to the instant claims took place entirely outside of Maine. *Id.* at 2, 4; *see* 28 U.S.C. § 1391(b) (providing that a civil action generally may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or "a judicial district in which a substantial part of the events

1

or omissions giving rise to the claim occurred").

This Court has the authority under section 1915 to dismiss this case without prejudice for improper venue because "the defense is obvious from the facts of the complaint." *Johnson v. Christopher*, 233 F. App'x 852, 853 (10th Cir. 2007). Although this Court also has the authority to transfer this case to the proper venue (seemingly the Northern District of New York) if the interests of justice would be served by such a transfer, *see* 28 U.S.C. § 1406(a), I recommend that it decline to do so because the case was filed in an obviously improper venue and there is no reason to believe that any injustice would result from a dismissal without prejudice, *see Johnson*, 233 F. App'x at 854 (affirming a district court's dismissal of a case without prejudice where the case was brought in "an obviously improper venue" and there was "no reason to believe that an injustice" would "result from the dismissal as opposed to a transfer"); *Edwards v. Fresh Foods, LLC*, No. 1:22-cv-285, 2022 WL 18859548, at *2 (E.D. Tenn. Dec. 14, 2022) (holding similarly).

Accordingly, I recommend that the Court **DISMISS** Johnson's complaint without prejudice.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

***Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the District Court and to appeal the District Court's order.***

Dated: August 29, 2024

/s/ Karen Frink Wolf<br>United States Magistrate Judge